IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PADILLA,

    Plaintiff,                      No. CIV S-09-1087 GEB EFB P

    vs.

MARK ROELKE,

    Defendant.                  ORDER AND
                                               FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a county prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against defendant.

////

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In his complaint, plaintiff names attorney Mark Roelke of the Solano County Public Defender's Office, as the defendant. Plaintiff lists his claims against Mr. Roelke as ineffective assistance of counsel and cruel and unusual punishment. In describing his claims, plaintiff alleges that defendant has refused to perform certain duties that are pertinent to his case and "has taken on the role of a surrogate prosecutor against [plaintiff's] interest." Plaintiff requests that the court sanction defendant, remove him from representing plaintiff in plaintiff's criminal case, and award plaintiff damages to compensate for defendant's negligence.

Plaintiff's allegations do not state a cognizable claim for relief under § 1983. Public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981). Additionally, plaintiff's claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). To the extent plaintiff's claim may relate to the length of his confinement, it must be brought in a habeas corpus action, after exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, plaintiff's complaint should be dismissed. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus).

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Solano County Sheriff's Office filed concurrently herewith.

////

////

1  Further, it is hereby RECOMMENDED that this action be dismissed without prejudice to
2  filing a habeas action.
3  These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties. Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated: January 28, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3